UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., et al.,<br><br>Defendant(s). | Case No. 2:20-CV-2220 JCM (EJY)<br><br>ORDER |

Presently before the court are plaintiff Deutsche Bank Trust Company Americas's ("Deutsche Bank Trustee") motion to remand (ECF No. 6) and motion for attorney's fees and costs (ECF No. 7). Defendant Commonwealth Land Title Insurance Company ("Commonwealth Title") responded in opposition (ECF No. 12) to which Deutsche Bank replied (ECF No. 18).

I.  **BACKGROUND**

This is a breach of contract and insurance bad faith case arising from a denial of Deutsche Bank Trustee's title insurance claim. (ECF No. 6 at 2). Deutsche Bank Trustee is the beneficiary of a deed of trust encumbering real property in a Nevada HOA. (*Id.* at 3). It alleges that "[a]s part of the loan origination, [defendants] Equity Nevada and Commonwealth Title entered into a contractual relationship with Deutsche Bank Trustee's predecessor to insure the Deed of Trust in superior position to competing liens, including the HOA's lien." (*Id.*). The HOA eventually foreclosed on its lien in June 2011 and Deutsche Bank Trustee was left to defend against quiet title claims. (*Id.* at 4).

**James C. Mahan**
**U.S. District Judge**

Deutsche Bank filed the instant suit in Nevada state court on December 8, 2020. (*Id.* at 4). Commonwealth Title removed the case to this court on the very same day before any defendant was served. (*Id.*; *see also* ECF No. 1 at 3). Deutsche Bank Trustee now moves for remand, arguing that Commonwealth Title's so-called "snap removal" is procedurally improper. (ECF No. 6).

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Under the removal statute, a defendant may remove any civil action over which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a).

After a defendant learns that an action is removable, it has thirty days to file a notice of removal. *Id.* § 1446(b). That is, "the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (quoting 28 U.S.C. § 1446(b)(2)).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must show by a preponderance of the evidence that the court has original jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Thus, if removal is based on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The court will resolve all ambiguities in favor of remand. *Hunter*, 582 F.3d at 1042.

Under the forum defendant rule, a diversity case cannot be removed if "**any** of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added); *see also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. DISCUSSION

**A. Equity Title of Nevada is not a Fraudulently Joined Defendant**

The court disregards fraudulently joined defendants when determining if there is complete diversity. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A joinder is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). If there is even a *possibility* that a Nevada state court could find that the complaint states a claim for relief against the allegedly fraudulently joined defendant, the court must remand the case. *Hunter*, 582 F.3d at 1044–46. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Both Deutsche Bank Trustee and Commonwealth Title agree that Equity Title of Nevada ("Equity Nevada") is a Nevada corporation. (ECF No. 1 at 2–3; Compl., ECF No. 1-1 ¶ 4). But Commonwealth Title argues that Equity Nevada is fraudulently joined to defeat removal because Deutsche Bank Trustee's claims arise out of its title insurance policy yet "[Equity Nevada] did not underwrite the Policy, nor undertake any obligation or make any representation to Deutsche Bank upon which it can state a claim against [Equity Nevada]." (ECF No. 1 at 3). It also argues that Deutsche Bank Trustee's deceptive trade practices claim is time-barred and its other claims are not sufficiently pled as it has not alleged that Equity Nevada breached the terms of the insurance policy. (ECF No. 12 at 15–19).

In response, Deutsche Bank Trustee points out that "the HUD-1 Settlement Statement [ ] identifies Equity Nevada as the settlement agent and expressly provides that the title insurance charges are to be paid to Equity Nevada." (ECF No. 6 at 14). It argues that it could possibly hold Equity Nevada liable on contractual, alter ego, or joint venture grounds. (*Id.* at 13–15 ("Either both Equity Nevada and Commonwealth Title agreed to provide coverage, or there simply is no separation of identity between the defendants as evidenced by the fact Equity Nevada issued the policy."); *see also* ECF No. 18 at 9).

James C. Mahan
U.S. District Judge

- 3 -

"In assessing whether a defendant was fraudulently joined, the court need not look extensively at the merits of the claims." *Milligan v. Wal-Mart Stores, Inc.*, No. 2:14-cv-1739 JCM-CWH, 2014 WL 7240162, at *3 (D. Nev. Dec. 18, 2014). Nonetheless, the viability of the instant claims by an insured like Deutsche Bank Trustee against local title agents like Equity Nevada is currently uncertain. *See HSBC Bank USA, Nat'l Ass'n v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-cv-01515-JAD-BNW, 2020 WL 7625233, at *2 (D. Nev. Dec. 22, 2020) (noting the numerous Nevada title insurance cases on appeal and holding that claims against Fidelity Nevada were not yet "certain losers"); *accord Wells Fargo Bank, N.A. v. Old Republic Title Ins. Grp., Inc.*, No. 2:20-cv-1461-JCM-NJK, 2020 WL 5898779, at *3 (D. Nev. Oct. 5, 2020) (discussing claims against an allegedly fraudulently joined local title agent); *Carrington Mortg. Servs., LLC v. Ticor Title of Nevada, Inc.*, No. 2:20-cv-699-JCM-NJK, 2020 WL 3892786, at *5 (D. Nev. July 10, 2020) (same). The court cannot find that Equity Nevada is fraudulently joined merely because the gravamen of Deutsche Bank Trustee's complaint is breach of insurance contract and insurance bad faith claims.

Furthermore, Commonwealth Title's contention that Deutsche Bank Trustee's deceptive trade practices claim is time-barred has been rejected. *HSBC Bank USA, Nat'l Ass'n*, 2020 WL 7625233, at *3; *see also Wells Fargo Bank, N.A. v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-cv-01849-APG-NJK, 2020 WL 7388621, at *2 (D. Nev. Dec. 15, 2020); *Deutsche Bank Nat'l Tr. Co. v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-cv-01606-APG-BNW, 2020 WL 7360680, at *2 (D. Nev. Dec. 14, 2020) (holding that Fidelity Nevada was not a sham defendant because the removing defendant ignored "Deutsche's non-contractual claims and allegations regarding Fidelity Nevada's alleged misrepresentations, violations of fiduciary duty as a Trustee, and violations of Nevada's consumer fraud and deceptive trade practices statutes").

All in all, while Deutsche Bank Trustee may not ultimately recover from Equity Nevada, there is a *possibility* that a Nevada state court could find that the complaint states a cause of action against Equity Nevada. In other words, Commonwealth Title has not met its

heavy burden to show by clear and convincing evidence that Equity Nevada is fraudulently joined.

### B. Commonwealth Title's Snap Removal was Improper under 28 U.S.C. § 1441(b)(2).

Because Equity Nevada is a properly joined forum defendant, the forum defendant rule in section 1441(b)(2) applies. The court must now consider if Commonwealth Title's snap removal was proper. Snap removal is the tactic of removing a diversity case before a forum defendant has been served. Commonwealth Title argues that snap removal is a permissible means to avoid the forum defendant rule, arguing that the Second, Third, Fifth, and Sixth circuits endorse the tactic. (ECF No. 12 at 6). Deutsche Bank Trustee persuasively distinguishes or confines Commonwealth Title's proffered cases. (ECF No. 18 at 4–8). Both parties agree that the Ninth Circuit has yet to squarely address the propriety of snap removal. (*Id.* at 5).

This is not the court's first say on snap removal. The court adopts its prior reasoning from *Wells Fargo Bank* and *Carrington*.[1] *See Wells Fargo Bank*, 2020 WL 5898779; *Carrington,* 2020 WL 3892786. In short, the word "any" in "any parties in interest properly joined and served" necessarily means "that the [removal] statute assumes **at least one party has been served**." *Carrington*, 2020 WL 3892786, at *3 (emphasis added) (citing *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316 (D. Mass. 2013)). And snap removal contravenes the removal statute's purpose of preserving a plaintiff's choice of a state court forum when suing a proper forum defendant. *Accord Wells Fargo Bank*, 2020 WL 7388621, at *4 ("The purposes underlying § 1441(b)(2) are better served by disallowing removal before any defendant is served.").

Because no defendant had been served prior to Commonwealth Title's removal, this case must be remanded.

. . .

---

[1] The court's reasoning has been endorsed by Judges Dorsey and Gordon. *HSBC Bank USA, Nat'l Ass'n,* 2020 WL 7625233; *Wells Fargo Bank,* 2020 WL 7388621.

James C. Mahan
U.S. District Judge

- 5 -

### C. Deutsche Bank Trustee is not Entitled to Attorney's Fees and Costs

Absent a statute or enforceable contract, a court generally may not depart from the "American Rule" that each party pays its own attorney's fees and costs. *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). The decision to award attorney's fees is left to the sound discretion of the court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).

One such statute is 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only [when] the removing party lacked an objectively reasonable basis for seeking removal." *Martin,* 546 U.S. at 136; *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). Courts in the Ninth Circuit assess the clarity of the relevant law to determine if there was an objectively reasonable basis for seeking removal. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) ("[T]he test is whether the relevant law clearly foreclosed the defendant's basis of removal.").

Deutsche Bank Trustee avers that Commonwealth Title has engaged in the jurisdictional gamesmanship at issue here in "every single HOA related title insurance case filed in the last two months." (ECF No. 6 at 6). It has done so despite a growing consensus among this district's judges that its tactics contravene the language and purpose of the removal statute. *See supra* n.1. Nonetheless, because the Ninth Circuit has yet to rule on snap removal and there is persuasive authority supporting the tactic, Commonwealth Title had an objectively reasonable basis for seeking removal. Thus, Deutsche Bank Trustee's motion for attorney's fees and costs incurring in requesting a remand is denied.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Deutsche Bank Trustee's motion to remand (ECF No. 6) be, and the same hereby is, GRANTED and its motion for attorney's fees and costs (ECF No. 7) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the clerk shall **REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-20-826046,** and CLOSE this case.

DATED February 10, 2021.

_____
UNITED STATES DISTRICT JUDGE